IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL LEE SMITH,

        Petitioner,                      No. CIV S-05-1297 MCE DAD P

    vs.

SCOTT KERNAN,                           ORDER AND

        Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the filing fee or submitted an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a).

        The petition form requires the petitioner to identify the judgment of conviction under attack. Petitioner has not identified a judgment of conviction but has instead entered the following response: "Condition of Confinment [sic] Not on Conviction." Petitioner alleges as his first, second, third, and fourth grounds for relief that he was "denied the right to appeal by the inmate appeal process 602." Petitioner complains that in 2004 and 2005 he was repeatedly denied the right to pursue an inmate appeal concerning a classification committee decision made in 1997. Petitioner requests that the court order the Department of Corrections to grant all five of the inmate appeals he submitted.

1

A federal court may not entertain a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court unless the petition has been brought on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A state prisoner who seeks to challenge unconstitutional conditions of confinement may attack those conditions in federal court by presenting the claims in a civil rights action brought pursuant to 42 U.S.C. § 1983.

To the extent that petitioner alleges denial of the right to pursue inmate appeals, his allegations do not state a basis for federal habeas corpus relief and must be summarily dismissed. Dismissal should be without prejudice to the filing of a civil rights action, if appropriate. See Rule 4, Fed. R. Governing § 2254 Cases ("If it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . .").

In an attachment to the form petition, petitioner appears to claim that his confinement is illegal because of a classification error made in 1997. He states that he "has done all his time besides a few years." Although these allegations concern the duration or legality of his confinement, petitioner may not bring a federal habeas corpus action on these allegations until he has presented all federal claims to the highest state court. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Petitioner has not alleged that he presented his claims to the California Supreme Court. To the extent that petitioner seeks his immediate release from incarceration, his claims are habeas claims that must be dismissed for failure to exhaust available state remedies.

Petitioner will be provided with a civil rights complaint form and the in forma pauperis application used in this district for civil rights actions. If petitioner chooses to file a civil rights complaint concerning use of the inmate appeal system, the complaint should be

2

1  submitted with the required filing fee of $250.00 or a properly completed in forma pauperis
2  application. The case number assigned to this habeas case may not be included on any civil
3  rights complaint or any habeas petition submitted in the future. A new case will be opened for
4  any subsequent action, and a new case number will be assigned by the Clerk.

5  Accordingly, IT IS ORDERED that the Clerk of the Court shall provide petitioner
6  with a civil rights complaint form and the in forma pauperis application used in civil rights
7  actions in this district; and

8  IT IS RECOMMENDED that this action be summarily dismissed without
9  prejudice because it plainly appears from the face of the habeas petition that petitioner is not
10 entitled to federal habeas corpus relief on his claims concerning conditions of confinement and
11 that any claims concerning the legality of petitioner's confinement have not been exhausted.

12 These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
14 days after being served with these findings and recommendations, petitioner may file written
15 objections with the court. A document containing objections should be titled "Objections to
16 Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file
17 objections within the specified time may, under certain circumstances, waive the right to appeal
18 the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: July 5, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

22 DAD:13
smit1297.156